UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA MORGAN,

    Plaintiff,

v.                                           Case No:   8:14-cv-305-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

This cause is before the Court on Plaintiff Angela Morgan's Complaint (Doc. 1) filed on February 6, 2014.  Plaintiff, Angela Morgan seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI")[1]. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **AFFIRMED in part, and REVERSED AND REMANDED in part** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

    **I.  Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] The regulations relating to SSI are found in 20 C.F.R. Part 416, 20 C.F.R. § 416.901 *et seq*, and are generally identical to the regulations governing Social Security disability determinations which are found in 20 C.F.R. Part 404, Subsection P, 20 C.F.R. § 404.1501 *et seq*. The standard of review is the same for both SSI and Social Security disability cases, and therefore, the same case law applies to both.  *See*, 42 U.S.C. § 1383(c)(3).

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§423(d)(2), 1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B. Procedural History

On August 19, 2010, Plaintiff filed an application for supplemental security income asserting a disability onset date of August 16, 2009[2]. (Tr. p. 145,146-47). Plaintiff's application was denied initially on November 10, 2010, and on reconsideration on February 3, 2011. (Tr. p. 77-78). A hearing was held before Administrative Law Judge James P. Alderisio on July 25, 2012. (Tr. p. 51-68). The ALJ issued an unfavorable decision on August 30, 2012. (Tr. p. 32-45). On December 20, 2013, the Appeals Council denied Plaintiff's request for review.[3] (Tr. p. 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on February 6, 2014. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (See, Doc.16).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Commissioner of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013)[4](citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must

---

[2] Plaintiff had amended her onset date from August 2, 2009 to August 16, 2009. (Tr. p. 145).
[3] On December 16, 2013, the Appeals Council denied Plaintiff's request for review, but this decision was set aside by the Appeals Council's denial of request for review dated December 20, 2013. (Tr. p. 8-12).
[4] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on

determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 19, 2010, the application date. (Tr. p. 34). At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: status post surgery of the cervical spine, osteoarthritis, fibromyalgia, and chronic obstructive pulmonary disease (COPD) citing 20 C.F.R. 416.920(c). (Tr. p. 34). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d), 416.925, and 416.926). (Tr. p. 38). At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work except that she should not climb ladders, ropes or scaffolds; and should not be exposed to smoke, fumes, noxious gasses, or hazardous or vibrating machinery. (Tr. p. 38).

After hearing the testimony of a vocational expert, the ALJ found that Plaintiff is capable of performing her past relevant work as a teacher's aide. (Tr. p. 43). The ALJ considered the vocational expert's testimony and compared Plaintiff's RFC with the physical and mental demands

---

unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. Ap. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

of her past relevant work, and found that Plaintiff is able to perform her past work as a teacher's aide.   In the alternative, the ALJ proceeded to step 5 of the sequential evaluation process.   (Tr. p. 44). The ALJ determined that considering Plaintiff's age, education, work experience, and RFC, that there are jobs that exist in significant numbers in the national economy with she is able to perform.   (Tr. p. 44). The ALJ found that Plaintiff was not under a disability since August 19, 2010, the date the application was filed.   (Tr. p. 44).

### D.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971).   The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.   *Foote,* 67 F.3d at 1560; *accord*, *Lowery*

*v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises two issues on appeal. As stated by Plaintiff, they are:

1) The ALJ erred by failing to find that the Plaintiff had the severe impairment of migraine headaches.

2) The ALJ failed to give appropriate weight to the opinion of the Plaintiff's treating physician.

### A. Whether ALJ erred in failing to find migraine headaches as a severe impairment

Plaintiff alleges that the ALJ erred by failing to find that Plaintiff had the severe impairment of migraine headaches. The Commissioner argues that at step two, the ALJ found that Plaintiff had a number of severe impairments and properly determined that Plaintiff's headaches were not severe. The Commissioner further argues that even if the ALJ erred in failing to find Plaintiff's headaches to be severe, the error would be harmless because the ALJ did consider the effects of Plaintiff's headaches in his decision.

At step two of the sequential evaluation, the severity of an impairment is determined. "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for

severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

At step two, the ALJ found that Plaintiff had the following severe impairments: status post surgery of the cervical spine, osteoarthritis, fibromyalgia, and chronic obstructive pulmonary disease. The ALJ did not find Plaintiff's migraine headaches were severe. (Tr. p. 34). The ALJ specifically reviewed the Plaintiff's medical records regarding Plaintiff's allegations concerning migraine headaches. (Tr. p. 34, 40). Specifically, the ALJ noted that on July 9, 2009, Plaintiff was diagnosed with a migraine headache, but there was no objective medical imaging showing a disease, no neurological deficits, and Plaintiff was discharged without treatment and in a stable condition. (Tr. p. 34, 40).

The ALJ reviewed the records of neurologist, Qin Gu, MD. who on August 7, 2009, diagnosed Plaintiff with headaches secondary to migraine or tension or migraine with aura, neck, pain; and osteoarthritis. (Tr. p. 35). The ALJ noted that Plaintiff continued with treatment through August 2010 with Dr. Gu, but Dr. Gu found Plaintiff's headaches to be stable. (Tr. p. 35, 40).

The ALJ also set forth the Eleventh Circuit's pain standard. The agency's regulations provide that statements about pain and other symptoms must be supported by medical signs or laboratory findings in order to be considered credible. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). The Eleventh Circuit has articulated a test for determining disability on the basis of testimony of pain or other symptoms. In order for such testimony to be considered credible, the Plaintiff must provide evidence of "an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1210, 1215 (11th Cir. 1991). If an ALJ "refuses to credit such testimony, he must articulate explicit and adequate reasons" for doing so. *Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir. 1987). Such explicit and adequate reasons must be supported by substantial evidence. *Id.* at 1012. The Eleventh Circuit has held that "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1561(11th Cir. 1995).

The ALJ found that Plaintiff had complained of headaches, but noted that there was no objective medical imaging to support the disease of migraine headaches. (Tr. p. 39, 40). The ALJ stated that he carefully considered the evidence, but found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. (Tr. p. 40).

The ALJ did not list migraine as a severe impairment. However, the ALJ did consider the Plaintiff's allegations of migraine headaches and Plaintiff's medical records concerning migraine headaches. Even if the ALJ erred in failing to list migraine headaches as a severe impairment, the error would be harmless if he considered Plaintiff's migraine headaches in the rest of the

sequential evaluation.  In this case, the ALJ did consider and discuss Plaintiff's allegations of migraine headaches, and therefore, any error would be harmless.  The Court finds that the ALJ did not err in failing to include migraine headaches as a severe impairment at step two of the sequential evaluation process.

### B. Whether the ALJ failed to give appropriate weight to an opinion of Plaintiff's treating physician

Plaintiff argues that the ALJ erred in affording Charles L. Clay, D.O's opinion little weight.  The Commissioner argues that the ALJ properly gave Dr. Clay's opinion little weight.

The ALJ reviewed Dr. Clay's reports noting that he was Plaintiff's treating rheumatologist.  (Tr. p.43).  The ALJ noted that in December 2011, Plaintiff sought treatment from Dr. Clay who diagnosed Plaintiff with fibromyalgia and osteoarthritis.  (T. p. 35).  The ALJ noted that Dr. Clay's monthly physical examinations were normal until April 2012, when Plaintiff subjectively complained of tenderness and pain.  (Tr. p. 35). The ALJ mentioned that Dr. Clay found Plaintiff was unable to work even in low stress jobs due to her osteoarthritis, fibromyalgia and depression. (Tr. p. 43).  The ALJ noted that Dr. Clay opined that Plaintiff's impairments were expected to last at least 12 months and that she had diffuse, severe pain precipitated by stress.  (Tr. p. 43).  The ALJ noted that Dr. Clay assessed Plaintiff with a number of limitations including lifting less than 10 pounds occasionally, lifting 10 pounds rarely, walking for one-half of a block, sitting for 15 minutes at a time, standing for 15 minutes at a time, taking unscheduled breaks during an eight-hour workday, shifting positions at will, manipulative limitations of up to five percent, and being absent from work four days per month.  (Tr. p. 43).

The ALJ gave little weight to Dr. Clay's opinion as to Plaintiff's limitations finding that Dr. Clay's own treatment notes do not include or support any of these limitations.   (Tr. p. 43).

An ALJ is required to state with particularity the weight he gives to the medical opinions of record and the reasons why.  *Shaw v. Astrue*, 392 F. App'x 684, 686 (11th Cir. 2010), (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)), See also*, McCloud v. Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006).   Without such a statement, the reviewing court is unable to determine whether the decision of the Commissioner was supported by substantial evidence. *Id*. (citation omitted). "Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless 'good cause' is shown.  *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (citing 20 C.F.R. §404.1527(d)(1), (2), (5); and *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). A doctor's opinion may be discredited when it is contrary to or unsupported by the evidence of record, or the opinion is inconsistent with the doctor's own medical records. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)). "Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error." *Id*. (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

On December 13, 2011, Plaintiff saw Charles Clay, D.O. (Tr. p. 454).   Plaintiff complained of severe diffuse pain throughout her body, extreme fatigue, nonrestorative sleep, cognition difficulties with recent memory loss, irritable bowel syndrome, female urethral syndrome, and a feeling that her bones were breaking. (Tr. p. 454).   Dr. Clay found Plaintiff to have 18 out of 18 tender points.   (Tr. p. 454). Dr. Clay found Plaintiff to be generally healthy with no change in strength or exercise tolerance.   (Tr. p. 454). Dr. Clay found no headaches, no

vertigo, and no injury. (Tr. p. 454). Overall, Dr. Clay found Plaintiff to be within the normal range and having no pain in muscles or joints, no limitation of range of motion, no paresthesias or numbness, and no depressive symptoms. (Tr. p. 454). On physical examination, Dr. Clay found Plaintiff to be in no obvious acute distress. (Tr. p. 454). Dr. Clay found Plaintiff to have a normal range of motion in her neck, and full range of motion in extremities. (Tr. p. 454). Dr. Clay's impression was nonspecific inflammatory polyarthropathy, fibromyalgia, and his treatment plan included prescribing medications. (Tr. p. 454).

On January 16, 2012, Plaintiff saw Dr. Clay. (Tr. p. 452). Plaintiff complained of severe pain in her left hip, pain in the buttock, severe diffuse muscular pain that was not relieved with the current medications. (Tr. p. 452). On examination, Dr. Clay found Plaintiff not to be in acute distress, had a full range of motion in extremities, and had no evidence of depression. (Tr. p. 452). Dr. Clay's impression was fibromyalgia and osteoarthritis with a treatment plan of prescribing medications. (Tr. p. 452).

On February 15, 2012, Plaintiff returned to Dr. Clay's office. Dr. Clay reviewed an MRI and noted that an acetabular cyst (cyst on hip) was noted, and referred Plaintiff to an orthopedic surgeon for evaluation. (Tr. p. 450). Plaintiff was minimally improving with use of medication, and Dr. Clay was inclined to continue Plaintiff on her current medications. (Tr. p. 450). On examination, Dr. Clay found Plaintiff not to be in obvious acute distress, and had no change in the generally normal examinations from previous visits. (Tr. p. 450). Dr. Clay's impression was bone cyst left acetabulum, fibromyalgia, osteoarthritis, and his treatment plan was to refer Plaintiff to an orthopedic surgeon and to continue on medications. (Tr. p. 451).

Plaintiff visited Dr. Clay on March 15, 2012 with no changes from the prior visit. (Tr. p. 449). On April 25, 2012, Plaintiff returned to Dr. Clay's office. (Tr. p. 448). Plaintiff

complained of severe pain in the muscles of the left eye with pain on sitting and generalized pain. (Tr. p. 448). Dr. Clay found Plaintiff had diffuse muscular pain, subjective sensation of hands and feet swelling, muscular tenderness in all extremities, low back pain and 18/18 tender points. (Tr. p. 454). Dr. Clay determined that some of her medications needed to be increased, and that she had some improvements and some relapses. (Tr. p. 448). Plaintiff appeared depressed but in no obvious acute distress. (Tr. p. 448). Dr. Clay noted a generally normal examination but did note that Plaintiff appeared depressed and was fixated with pain to the exclusion of almost all other emotions. (Tr. p. 448). His diagnosis was of fibromyalgia and osteoarthritis and adjusted her medications. (Tr. p. 448).

On July 12, 2012, Plaintiff visited Dr. Clay. (Tr. p. 447). Dr. Clay found Plaintiff to be generally healthy. (Tr. p. 447). Plaintiff appeared depressed but in no obvious acute distress. (Tr. p. 447). On examination, Dr. Clay found Plaintiff to have diffuse muscular pain, subjective sensation of hands and feet swelling, had low back pain, and had 18/18 tender points. (Tr. p. 447). Plaintiff had full range of motion in extremities but had complaints of muscular tenderness in all extremities with sensations of swelling of hands, had multiple paresthesias, and had complaints of some joint pain. (Tr. p. 447). Plaintiff was fixated with pain to the exclusion of almost all other emotions. (Tr. p. 447).

On July 17, 2012, Dr. Clay completed an Arthritis Residual Functional Capacity Questionnaire. (Tr. p. 457-461). Dr. Clay's diagnosis was osteoarthritis and prognosis of fibromyalgia and depression. Dr. Clay found Plaintiff to have impaired sleep, tenderness, swelling and muscle weakness. (Tr. p. 457). Dr. Clay did not find Plaintiff to be a malingerer and did find that she experienced constant pain. (Tr. p. 458). Dr. Clay determined that Plaintiff's depression, somatoform disorder and psychological factors affected her pain. (Tr. p.

458). Dr. Clay found Plaintiff's impairments to be reasonably consistent with her symptoms and functional limitations. (Tr. p. 458). Dr. Clay concluded that Plaintiff was incapable of even low stress jobs because her emotions were tied to her pain. (Tr. p. 458). Dr. Clay found that Plaintiff's medications did not have any side effects, and her impairments would last at least twelve months. (Tr. p. 458). Dr. Clay concluded that Plaintiff can walk only 1/2 of a block, sit 15 minutes at a time, stand 15 minutes at a time, sit and stand or walk less than 2 hours in an 8-hour work day, must be able to walk between 5 and 15 minutes in an 8 hour work day and must be allowed to walk 5 minutes at a time, must have a job that allows for a sit, stand, or walk option, must be allowed frequent unscheduled breaks in an 8-hour workday, must be allowed to rest between 5 and 15 minutes during the day, must lift less than 10 lbs. occasionally and 10 lbs. rarely, rarely twist, never stoop, crouch climb ladders, climb stairs, and Plaintiff has significant limitations in repetitive reaching, handling or fingering, Dr. Clay determined Plaintiff would have good days and bad days, and will be absent from work for more than four days per month. (Tr. p. 457-461).

The Court recognizes that Dr. Clay's records appear on their face to not totally support the limitations that he found in the Arthritis Residual Functional Capacity Questionnaire. However, fibromyalgia is a unique disease and "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)(per curiam). Courts have held that a lack of objective findings alone is not sufficient to support an ALJ's rejections of a treating physician's findings as to a claimant's functional limitations. *Daniel v. Colvin*, 2013 WL 5434571 (N.D. Ala. Sept. 27, 2013)(citing *Somogy v. Comm'r of Soc. Sec.*, 366 Fed. App'x 56, 64 (11th Cir. 2010)). Further, the ALJ failed to mention or follow SSR 12-2p which sets forth the criteria concerning

fibromyalgia. SSR 12-2p, 2012 WL 3104869 (July 25, 2012).[5] Pursuant to SSR 12-2p, an ALJ may determine that a claimant suffers from fibromyalgia if she displays three of the following criteria:

   1. A history of widespread pain;

   2. Repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and

   3. Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.

SSR 12-2p, 2012 WL 3104869 (July 25, 2012). The ALJ failed to consider whether Plaintiff showed evidence which would support the criterion of SSR 12-2p. At each visit, Plaintiff consistently complained to Dr. Clay of severe, diffuse pain throughout her body. Dr. Clay found Plaintiff had 18 out of 18 tender points, and complained of fatigue, cognitive difficulties, nonrestorative sleep, and irritable bowel syndrome. Dr. Clay examined Plaintiff and diagnosed her with fibromyalgia. The ALJ failed to evaluate Plaintiff's claim of fibromyalgia pursuant to SSR 12-2p. When viewing Dr. Clay's opinion and limitations in light of SSR 12-2p, Dr. Clay's limitations appear to be supported by his medical records because fibromyalgia is mainly based upon subjective complaints. The Court is unable to determine whether the ultimate decision on the merits of the claim by the ALJ is rational and supported by substantial evidence when he failed to consider SSR 12-2p which sets forth the criteria to evaluate a claim involving fibromyalgia. Therefore, the Court finds that the ALJ erred in failing to set forth with

---

5 The Court recognizes the SSR 12-2p became effective on July 25, 2012, and the date of the ALJ's decision was August 30, 2012.

particularity the weight afforded Dr. Clay's opinion by failing to properly evaluate a claim involving fibromyalgia.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence as to the issue of whether Plaintiff's migraine headaches are a severe impairment but not supported by substantial evidence as to the issue of the weight afforded Dr. Clay's opinion.

**IT IS HEREBY ORDERED:**

1) The decision of the Commissioner is **AFFIRMED** as to the issue relating to Plaintiff's migraine headaches, and **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider all of the medical records and the opinions of the treating physicians of record and assign the appropriate weight to each opinion.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE** and **ORDERED** in Fort Myers, Florida on March 24, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties